**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CARLOS MAN OLIVA** | : | |
| **ALMENDAREZ, et al.** | : | |
| | : | |
| **v.** | : | **Civil No. JKS 06-68** |
| | : | |
| **J.T.T. ENTERPRISES** | : | |
| **CORP., et al.** | : | |
| | : | |

**MEMORANDUM OPINION**

Plaintiffs brought this action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.*, seeking overtime compensation. It was referred to me by consent of the parties for all further proceedings. Dkt. No. 128. The case was tried before a jury, which returned verdicts in favor of Plaintiffs Carlos Oliva Almendarez, Jose Aleman Molina and Manuel Aguilar, and in favor of Defendants J.T.T. Enterprises Corp., and Carl J. Margheret, against Plaintiffs Marco Tulio Bueso, Celso Martinez Berrios, Juan Andres Chavez and Carlos Amaya. The four non-prevailing plaintiffs filed the pending Motion for Judgment as a Matter of Law ("JMOL"), or, in the Alternative, Motion for New Trial. Dkt. No. 154. The motion and opposition, Dkt. No. 155, have been briefed and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated below, Plaintiffs' motion for JMOL, or in the alternative, for new trial is denied.

**I. Background.**

The issues of fact concerned whether Defendants properly compensated Plaintiffs under state and federal laws requiring the payment of time and a half for overtime hours worked. The jury found that all seven Plaintiffs worked more than forty hours per week, Dkt. No. 149, p. 1,

and that Plaintiffs Bueso, Berrios, Chavez, and Amaya were paid the required overtime, whereas Plaintiffs Almendarez, Molina, and Aguilar were not paid the required overtime. Dkt. No. 149, p. 2. The jury found that Plaintiffs Bueso, Berrios, Chavez, and Amaya were entitled no award, and Plaintiffs Almendarez, Molina, and Aguilar were entitled to awards of $1,600.00, $600.00, and $1,100.00, respectively. Dkt. No. 149, p. 3. The non-prevailing Plaintiffs—Bueso, Berrios, Chavez, and Amaya—argue that the jury's finding that they received the required overtime payments is so inconsistent, erroneous, and legally unsupportable that the verdict compels correction by the court. Defendants contend that sufficient evidence was admitted at trial upon which the jury could have rationally based its verdict.

## II. <u>Standard of Review.</u>

### a. *Motion for JMOL.*

Pursuant to Federal Rule of Civil Procedure 50(b), a district court may grant JMOL "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (internal quotation marks omitted). In considering a motion for JMOL after a jury verdict has been returned, the court must construe the evidence in the light most favorable to the non-moving party and ask whether there is substantial evidence in the record to support the jury's findings. *Anderson v. Russell*, 247 F.3d 125, 129 (4th Cir. 2001). In doing so, the court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). After taking into account all the proper considerations, the trial court may grant JMOL only if it finds that the only conclusion a reasonable jury could have reached is one in favor of the moving party. *Int'l Ground Transp. v. Mayor and City Council of Ocean City, Md.*, 475 F.3d 214, 218-19 (4th Cir. 2007).

*b.  Motion for New Trial.*

On review of a motion for a new trial under Federal Rule of Civil Procedure 59(a), a trial court is permitted to weigh the evidence and consider the credibility of witnesses.  *Cline*, 144 F.3d at 301.  "Whether to grant a new trial rests within the sound discretion of the trial court but such discretion must not be arbitrarily exercised."  *Sergent v. Anne Arundel County, Md.*, 681 F. Supp. 2d 631, 633 (D. Md. 2010) (quoting *City of Richmond v. Atl. Co.*, 273 F.2d 902, 916 (4th Cir. 1960)) (internal quotation marks omitted).  A new trial must be granted if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict."  *Sergent*, 681 F. Supp. 2d at 633 (quoting *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)) (citation omitted).

## III.  Discussion.

*a.  Motion for JMOL.*

The FLSA requires employers to pay covered employees one and one half times their regular rate of pay for each hour or fraction thereof worked in excess of forty during any given work week.   29 U.S.C. § 207(a)(1).  The "regular rate" is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed."  29 C.F.R. § 778.108 (citing *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945)). Although the regular rate is an hourly rate, an employer is not required to compensate employees on an hourly rate basis but instead may pay employees on a piece-rate, salary, commission, or other basis. 29 C.F.R. § 778.109.  Where an employee is paid a weekly salary, the regular rate of pay is computed by dividing the salary by the number of hours which the salary is intended to compensate.  29 C.F.R. § 778.113.  The employee is then entitled to one and one half times the

regular rate of pay for all hours worked in excess of forty during the work week. *See id.* The FLSA also requires employers to maintain records of the number of hours each week that its employees work. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a).

An employee seeking overtime compensation must prove "that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946): Where the employer's records are inaccurate or inadequate, the employee must produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*; *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985); *McLaughlin v. Murphy,* 436 F. Supp. 2d 732, 737 (D. Md. 2005). "A *prima facie* case can be made through an employee's testimony giving his recollection of hours worked." *Turner v. Human Genome Science, Inc.,* 292 F. Supp. 2d 738, 748 (D. Md. 2003) (quoting *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982)). Recovery for uncompensated overtime cannot be denied on the basis that proof of the number of hours worked is inexact or not perfectly accurate. *Turner*, 292 F. Supp. 2d at 487; *Kentwood,* 549 F. Supp. at 485. Rather, once the employee produces evidence allowing a reasonable inference regarding the amount and extent of work, the burden shifts to the employer to present evidence of the exact number of hours worked or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Mt. Clemens,* 328 U.S. at 687-88; *Bel-Loc Diner,* 780 F.2d at 1116. If the employer meets this burden, the factfinder must determine or infer the number of hours actually worked. *See Mt. Clemens*, 328 U.S. at 689; *Bel-Loc Diner,* 780 F.2d at 1116.

In this case, it was undisputed that there were no set work hours. The four non-prevailing Plaintiffs all worked as drivers, and each driver worked until his route was completed. Defendants did not maintain records of the number of hours worked by each Plaintiff, and no

written records of hours worked were available at trial. Plaintiff Chavez testified that his workday was 12-15 hours long and that Plaintiff Berrios, who did not testify, worked similar hours. Plaintiff Bueso testified that his work day was 12-14 hours long. Plaintiff Amaya testified that his work day was 9-13 hours long. Each of these Plaintiffs acknowledged that he never told anyone at J.T.T. Enterprises how many hours he worked. In contrast, Defendant Margheret testified that the routes assigned to each driver took 6-7 hours to complete. Dkt. No. 154, Margheret Testimony, Day 1 at 31-32, Day 2 at 14-15.[1] All witnesses had an interest in the outcome, and their recollection and credibility were impeached on various grounds.

There was a similar lack of records indicating how much each Plaintiff was actually paid. Numerous, but far from complete, sets of cancelled paychecks were admitted into evidence along with testimony. The parties agreed that drivers received, at least by 2005, a fixed amount of $600 for a five day work week. Defendant Margheret testified, and some Plaintiffs confirmed, that he added an extra $150 to this weekly pay for a sixth day of work. Dkt. No. 154, Margheret Testimony, Day 1 at 17. Plaintiff Chavez testified that he worked six days per week and earned $1200 every two weeks in 2003 and $1500 every two weeks in 2005. On cross examination, however, he identified cancelled paychecks showing that in 2003 he received, in individual two week periods, amounts ranging from $1375 to $2180.[2] Plaintiff Bueso testified that he worked six days per week and was paid $1500 every two weeks, but identified checks received in specific two week periods totalling from $1600 to more than $2000. Plaintiff Amaya, who worked from 2004 to 2006, stated that he earned $1500 every two weeks for six days per week toward the end of his employment and never received more than that amount. When shown

---

[1] Only Defendant Margheret's testimony is attached to this motion.
[2] Plaintiffs do not contest the accuracy of Defendants' charts summarizing the checks that were admitted into evidence. Dkt. No. 155 at 9-12.

cancelled checks indicating payments of $1600 in specific two week periods, he stated that he gave $100 to his helper.

The jury was instructed that the FLSA requires employers to maintain, for three years, accurate records of all hours worked by employees or copies of an agreement specifying the hours to be worked and that upon failure to do so, wages owed could be calculated based on the employee's testimony or documents.  In determining damages, the jury was instructed to determine the average number of hours per week that each Plaintiff actually worked and how much each Plaintiff was paid.  The jury was instructed, in accordance with Plaintiffs' request, Dkt. No. 134 at 4, that if a weekly salary was paid, the hourly rate was calculated by dividing the salary by the number of hours that the salary was intended to compensate, with time and a half due for all hours worked in excess of 40 per week.  The jury was also instructed that the employer bore the burden of rebutting Plaintiffs' evidence regarding the number of hours worked per week by showing the precise number of hours worked or by disproving the reasonableness of the inferences to be drawn from the Plaintiffs' evidence.

Plaintiffs claim entitlement to judgment because, in their view, there can be no dispute that Defendants did not comply with the FLSA.  They note Defendants' admitted failure to maintain the required records and to compute a regular hourly rate upon which overtime payments would be based.  Indeed, Defendant Margheret admitted that he paid Plaintiffs on a weekly basis without regard to the number of hours worked in a particular day, acknowledged a lack of familiarity with the FLSA's overtime requirements, and instead stated that he merely followed a general policy of "extra pay" for extra days worked.

Plaintiffs' ability to establish that their employer violated the recordkeeping requirements and was unaware of the overtime requirements does not, however, entitle them to monetary

awards. Rather, to recover unpaid overtime, each Plaintiff was required to show, by a preponderance of the evidence, that he actually worked overtime hours for which he was not compensated at the required rate. The initial burden, to present evidence which creates a "just and reasonable inference" regarding the amount of improperly compensated work, *Mt. Clemens,* 328 U.S. at 687, was met with Plaintiffs' testimony regarding the average number of hours they worked each day and how much they were paid. Defendants were then entitled to rebut this prima facie case with "evidence to negative the reasonableness of the inference to be drawn" from the Plaintiff's evidence, *id.;* specifically here, Defendant Margheret's testimony regarding the number of hours required to complete Plaintiffs' work day and how much they were paid, as well as the documentary evidence regarding the amounts Plaintiffs were paid in specific periods. It then became the jury's duty to resolve the conflicting evidence as to the number of hours worked and the amount of wages received. *See Bel-Loc Diner,* 780 F.2d at 1116 (declining to find clear error in district court's resolution of conflicting testimony regarding employees' break habits); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (according "great deference" to trial court's resolution of credibility issues in determining whether employer rebutted employees' prima facie evidence regarding number of hours actually worked in a given week).

The jury discharged its duty when, after extensive deliberations, it reached a unanimous agreement and completed the verdict sheet as to each individual Plaintiff. What is readily apparent from these verdicts is that the jury worked diligently and carefully to consider the evidence as to each Plaintiff. There was evidence to support each determination as to whether overtime compensation was owed, and a reasonable jury could have concluded that the four

nonprevailing Plaintiffs did not establish that their overtime was not properly compensated.[3]

Resolution of the factual issues was heavily dependent on the jury's assessment of the credibility

and veracity of the witnesses, and the verdicts are not subject to reversal as a matter of law.

None of the authority cited by Plaintiffs supports any different result. They cite

*Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572 (1942), for the proposition that intent to

comply with overtime requirements does not transform into compliance, but neither does a lack

of intent transform into noncompliance. *Cf. Walling v. Harnischfeger Corp.,* 325 U.S. 427, 430

(1945) (regular rate of compensation should be determined by actual payments rather than

"contract nomenclature"). In *Hodgson v. Elm Hill Meats of Ky., Inc.,* 327 F. Supp 1009 (E.D.

Ky. 1971), the court did not base its determination that back wages were wrongfully withheld on

the recordkeeping violations, but rather on its finding that the evidence established that each

employee had in fact worked uncompensated overtime hours.[4] Plaintiffs cite no authority for

their claim that damages must be awarded even where there is a finding that no actual

uncompensated overtime was worked.

     *b. Motion for New Trial.*

In the alternative, the four moving Plaintiffs seek a new trial, arguing that the clear

weight of the evidence is contrary to the jury's finding that they were paid the required overtime.

The court does not agree. Rather, this was a case in which the jury was presented with

conflicting and incomplete evidence, largely the testimony of witnesses whose recollection and

credibility were impeached on numerous grounds. The jury deliberated for two full and two

---

[3] The evidence would, for example, support a finding that each driver worked seven hours per day and was paid $600 for the 35 hours worked in the first five days, and $150 for the seven hours worked on the sixth day. The regular rate would be $17.14 ($600 divided by 35 hours). The amount owed for the sixth day would then be $137.14 (5 hours @ $17.14 and 2 hours @ time and a half of $25.72), less than what was actually paid. *See* 29 C.F.R. § 778.113.

[4] Plaintiffs' reliance on the unreported decision in *Lee v. Vance Executive Protection, Inc.,* 7 Fed. Appx. 160 (4th Cir. 2001), is equally unavailing. There, even though the wage payment system at issue violated the FLSA's overtime requirements, the Court affirmed the lower court's determination that there was no entitlement to compensation for unrecorded hours due to a lack of sufficient evidence to show the amount and extent of uncompensated work.

partial days before reaching a separate unanimous agreement as to each of seven Plaintiffs.

There is no basis upon which to conclude that the verdicts as to the four Plaintiffs who did not

prevail are against the clear weight of the evidence or resulted in a miscarriage of justice.

Accordingly, the motion for a new trial will be denied.

**IV.  <u>Conclusion</u>.**

  For the foregoing reasons, Plaintiffs' motion for judgment as a matter of law, or

alternatively, for new trial is denied.


Date:  <u>June 8, 2010</u>                          <u>          /S/                    </u>
                                           JILLYN K. SCHULZE
                                           United States Magistrate Judge