IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLOS MAN OLIVA : | |
| ALMENDAREZ, et al. : | |
| : | |
| v. : | Civil No. JKS 06-68 |
| : | |
| J.T.T. ENTERPRISES : | |
| CORP., et al. : | |

## MEMORANDUM OPINION

Presently pending is Plaintiffs' Motion for Attorney's Fees and Costs pursuant to FED. R. CIV. P. 54(d)(2) and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Dkt. No. 161. The matter has been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted as to attorneys' fees in the amount of $84,058.00, and as to $12,534.35 in costs.

**I.     Background.**

This case concerned a dispute over whether Defendants properly compensated Plaintiffs for overtime hours allegedly worked. A jury trial was held in March 2010, and the jury returned a verdict in favor of three of eight Plaintiffs. The jury found that all of the Plaintiffs worked more than forty hours per week and that four[1] of the Plaintiffs had been properly compensated for their overtime hours. The jury found that three Plaintiffs had not been properly compensated for the overtime hours and awarded them $1,600.00, $600.00, and $1,100.00. Because the jury also found that Defendants' failure to pay overtime was willful and in bad faith, the awards were doubled. Plaintiffs now seek to recover $169,049.50 in attorney's fees and $12,534.35 in costs.

---

[1] The court granted judgment for Defendants against one Plaintiff who did not appear at trial.

**II. Discussion.**

    A. Attorney's Fees.

The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory, 29 U.S.C. § 216(b),[2] while the amount awarded is discretionary. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (4th Cir. 1983); *Burney v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (citing *VanDyke v. Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954)). To recover attorney's fees and costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a "generous formulation." *Hensley*, 461 U.S. at 433.[3] A plaintiff is a prevailing party for the purpose of attorney's fees if the plaintiff succeeds "on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Id.* at 433 (citation omitted). Here, the three Plaintiffs who received monetary awards meet the "prevailing party" standard, and the five Plaintiffs who received no award do not meet that standard.

Once a plaintiff has shown that he is a prevailing party, the court must then determine what fee is reasonable. *Id.* The starting point is to establish "the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Id.*; *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Rum Creek*, 31 F.3d at 175. To determine the reasonableness of the number of hours and the hourly rate, the court considers twelve factors:

    (1) the time and labor required; (2) the novelty and difficulty of the questions;

---

[2] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

[3] Although *Hensley* explains the standards of "prevailing party" under 42 U.S.C. § 1988, it extends the standards to "all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n.7.

> (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986).

The parties do not dispute the hourly rates requested here, which are within the accepted rates identified in Appendix B of this court's Local Rules: $400/hr. for Philip Zipin (a lawyer in practice for 27 years); $275/hr. for Nancy Brewer (a lawyer in practice for 16 years); $190/hr. for Steven Kaplan (a 2003 law school graduate); $190/hr. for David Lucas (a 2001 law school graduate); $190/hr. for Gregg Greenberg (a 2007 law school graduate); $175/hr. for Meredith Philipp (a 2009 law school graduate); and $115/hr. for Amy Bivens and Danielle Weiner, both law clerks. Dkt. No. 161, pp. 6-9. These hourly rates are also consistent with application of the relevant *Johnson* factors, and will be used here.

Plaintiffs request payment for a total of 773.10 hours. Dkt. No. 161, p. 19. Counsel contend that they have exercised billing discretion by eliminating duplicative time and time spent inefficiently and have declined to request reimbursement for a substantial amount of time. They assert that the litigation required research into evolving legal principles, as well as extra efforts to build an evidentiary record in light of Defendants' failure to maintain any time or pay records.

Defendants respond that the requested fees are disproportionately large in relation to the judgment obtained. They also assert that the legal issues in the case were not complex, were already familiar to Plaintiffs' attorneys, and did not require the extensive time, particularly in

3

discovery and trial preparation, logged by Plaintiffs' attorneys. They also argue that the fee award should be adjusted downward to recognize that Plaintiffs' victory was incomplete.

Plaintiffs reply that the courts have rejected strict proportionality as a basis for calculating fee awards, and have repeatedly awarded fees in excess of the judgment obtained. They state that they achieved substantial success on their claims, which arose out of a common set of facts and involved common research and preparation. Plaintiffs justify the number of hours for which they seek reimbursement in part on their extensive pre-trial work which they claim enabled an efficient trial limited to the issues genuinely in dispute, as well as their need to reconstruct employment records which Defendants did not produce.

In determining a reasonable attorney's fee, a crucial factor is the extent of plaintiffs' success. *Brodziak v. Runyon*, 145 F.3d 194, 196-97 (4th Cir. 1998) (citing *Hensley*, 461 U.S. at 440). A fee award should be adjusted downward where a plaintiff has achieved only partial or limited success. *Hensley*, 461 U.S. at 436; *Grissom v. The Mills Corp.,* 549 F.3d 313, 321 (4th Cir. 2008), quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002). However, a court may not calculate an award of attorney's fees by means of a purely mathematical comparison between the number of claims presented and the number prevailed upon because "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Hensley*, 461 U.S. at 435 n.11. When all claims "involve a common core of facts . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.*; *Brodziak*, 145 F.3d at 197 (citations omitted).

There is no *per se* rule requiring proportionality between the amount of judgment and the fee award. *City of Riverside v. Rivera*, 477 U.S. 561, 573-81 (1986). Strict application of

4

proportionality would undermine Congress' purpose to ensure that victims of civil rights violations, who very often could not afford to pay counsel at market rates, have effective access to the legal system. *Id.* at 576. The Fourth Circuit has accordingly recognized that "[a]wards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006) (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 211-12 (4th Cir. 2005) (affirming $349,244 in attorney's fees awarded in Title IX suit yielding only nominal damage award); *Wadsworth v. Clindon*, 846 F.2d 265, 266-67 (4th Cir.1988) (affirming $13,317 in attorney's fees awarded in Fair Housing Act suit yielding $1,000 in compensatory damages)). The same principle applies to FLSA cases. *Cf. Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999).

The court finds that the three prevailing Plaintiffs are entitled to fee awards. The court further finds that much of the time spent on this litigation is inseparable as to individual Plaintiffs: for example, drafting documents such as the complaint, discovery requests, and motions; researching legal issues and reviewing discovery received from Defendants; preparing trial materials and the trial itself, involved time that had to be expended on behalf of the prevailing parties even without the presence of the non-prevailing parties. Therefore, fees for that time can be attributed to the prevailing Plaintiffs without unjustly rewarding the non-prevailing Plaintiffs. Other time, such as preparing responses to Defendants' discovery requests, conferring with individual Plaintiffs, reviewing time records, and attending depositions, will not be fully counted because a portion of it was clearly spent exclusively on non-prevailing Plaintiffs. In addition, the Court will not compensate the prevailing Plaintiffs for time spent litigating issues upon which Defendants prevailed or time which represents duplication of effort. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 244 (4th Cir. 2009); *Grissom,*

549 F.3d at 321 (court must subtract time spent on unrelated, unsuccessful claims). The reductions which are made and the application of the *Johnson* factors are explained below.

> i. *Time and Labor Required.*
>
> a. *Case Development, Background Investigation, and Case Administration.*

Defendants claim that fees related to the initial complaint and subsequent default judgment should not be awarded because they were caused by Plaintiffs' defective service of process. *See* Dkt. No. 25, granting Dkt. No. 17, Defendants' motion to vacate default judgment. Plaintiffs do not reply to this argument.

An award of attorney's fees is not designed to provide Plaintiffs' attorneys with a windfall. *See City of Riverside*, 477 U.S. at 580. Here, by granting the motion to vacate, the court in effect accepted Defendants' contention that Defendant J.T.T. Enterprise's resident agent was not properly served by Plaintiffs' process server. Thus, it would be unreasonable to shift the fees associated with the default judgment to Defendants. The court deducts $10,912.50 for fees associated with the default proceedings, as specified on pages 1, 2, 6, 7, and 8 of the fee schedule, Dkt. No. 161, Ex. 3.

In addition, there will be no recovery for fees spent on case development for non-prevailing Plaintiffs. Items identified on pages 3 and 4 of the fee schedule allotted solely to non-prevailing Plaintiffs, totaling $451.50, will be deducted. Specific items of case development which had to be done individually as to each client, specified on pages 2-4 of the fee schedule, will be attributed equally to the eight Plaintiffs, resulting in a reduction of 62.5%, or $3,318.00. Finally, Nancy Brewer's travel to DMV will be awarded at the law clerk rate, $437.00, for a deduction of $608.00. The total deduction in the case development section is $15,290.00.

*b. Discovery.*

Defendants argue that some of counsels' time was excessive or redundant and that some of the document review could have been handled by law clerks. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Because N. Brewer's 5.0 hours of reviewing discovery on October 1 and 2, 2007, appears redundant to later time spent reviewing discovery, the court will eliminate $1,375.00 for those hours.

Time spent preparing interrogatory responses, as specified on pages 5 and 6 of the fee schedule, will be attributed equally to the eight Plaintiffs, resulting in a 62.5% reduction, for a total of $9,516.00. Defendants also oppose the amount of time spent on depositions. Although N. Brewer spent 29.5 hours preparing for Carl Margheret's five hour deposition, it is not usual for preparation to take longer than the actual deposition, particularly the deposition of the adverse parties' primary witness. The fact that N. Brewer spent only 7.8 hours preparing for and taking *de bene esse* depositions of her clients is not particularly revealing since the *de bene esse* depositions were taken after she had familiarized herself with the case, had deposed Mr. Margheret, and had very recently attended other depositions. Moreover, the nearly 12 hours she spent on March 13 and 14, 2008, analyzing document production, analyzing discovery responses and documents regarding dates of employment and amount of wages paid, Dkt. No. 161, Ex. 3, p. 6, was no doubt not limited to her preparation for Mr. Margheret's deposition, but also helped her prepare for the *de bene esse* depositions. However, the court will reduce, by $8,783.00, the time spent preparing for and deposing Plaintiffs, compensating three of the eight Plaintiffs for their share of those hours. The total reduction in this category is $19,674.00.

*c. Motions Practice.*

Defendants describe the hours that Plaintiffs' counsel spent on various motions (i.e. motion for reconsideration, opposition to motion to dismiss, motion for protective order, and motion for JNOV or new trial), as "extraordinary," but fail to explain why those hours were unreasonable. After reviewing them, the court finds that they are reasonable, especially given that the time spent on most of the motions also included reply memoranda (except for the motion to dismiss). Moreover, the motion for reconsideration was successful, and the motion for protective order, while not fully successful, helped to resolve trial evidentiary issues. However, the court will not award the time spent on the unsuccessful motion for JNOV, made only on behalf of the non-prevailing Plaintiffs, $4,315.50.

*e. Trial Preparation and Attending Trial.*

Defendants contend that time spent preparing for trial and the use of two attorneys at trial was unreasonable. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Redundant hours generally occur where more than one attorney represents a client." *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1301-02 (11th Cir. 1988). However, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302 (citation omitted). "An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999). The burden to show reasonableness rests on the fee applicant. *Id.*

Defendants contend that the hours M. Philipp billed for preparation and trial were duplicative of those billed by G. Greenberg for the same work. G. Greenberg was the only attorney who prepared for the first trial, assisted by a law clerk.[4] It is not disputed that G. Greenberg would have been the sole attorney for Plaintiffs had the trial taken place on the first or second dates. Plaintiffs justify the addition of a second attorney on the basis of the number of plaintiffs and their inability to speak English. However, since the majority of the Plaintiffs did not prevail, their numbers do not justify the use of second counsel. In addition, one counsel was twice deemed able to handle the trial. Finally, M. Philipp's time records indicate that she was duplicating much of the same preparation G. Greenberg billed, such as drafting jury instructions, reviewing direct examination questions and depositions, and conferencing. And of course only one counsel was needed while the jury was deliberating. In sum, M. Philipp's preparation for and attendance at the third trial has not been shown to be a distinct contribution to the case.[5] Accordingly, the court will not compensate for the $17,692.50 that M. Philipp spent preparing for and attending the third trial date.

   *f. ADR.*

Defendants oppose fees for ADR on the bases that the fees were unreasonable and that Plaintiffs had unreasonable expectations of recovery. However, settlement discussions are confidential, 28 U.S.C. § 652(d); Local Rule 607.4, and not an appropriate basis for adjusting a fee award. Unreasonable settlement expectations can be addressed by the Rule 68 procedure, which Defendants did not use here. S*ee, e.g., Grissom,* 549 F.3d at 319-20. Since the time spent

---

[4] There is one entry of 0.9 hour for P. Zipin on July 6, 2009.

[5] The fact that G. Greenberg's and M. Philipp's combined rates are lower than P. Zipin's rate does not justify the billing of duplicative hours.

9

was reasonable, particularly in light of the use of law clerk assistance, Plaintiffs will be awarded fees for the ADR work.

 *g. Fee Petition Preparation.*

Defendants claim that the hours spent on the fee petition are unreasonable because much of the content was copied from previous fee petitions. Plaintiffs appropriately worked from previous fee petitions, but of course had to alter them, which clearly involves reviewing and editing time records. Counsel have certified that all hours claimed were expended, and the court will accept that certification as the hours do not seem excessive in relation to the petition (and the reply, for which no claim is made.)

 *h. Novelty and Difficulty of the Case.*

Defendants contend that the issues presented were not novel because Plaintiffs' attorneys are familiar with sweeper truck cases. Although the legal questions were not particularly difficult and counsel has experience with sweeper truck cases, Plaintiffs faced unique challenges in proving the number of hours worked per week and their rate of pay because Defendants did not maintain such records. In addition, several legal and evidentiary issues arose before and during trial. There will be no reduction of the award based on this factor.

 *i. Preclusion of Employment by Attorneys Due to Acceptance of the Case.*

Plaintiffs' counsel argue that because they spent a significant amount of time reviewing discovery, deposing witnesses, drafting motions, and planning for and attending trial, they were unable to pursue other matters on many occasions. Defendants respond that Plaintiffs' counsel had more than 100 other cases active during this case. Neither side presents any argument which would warrant an adjustment under this category, and none will be made.

*j. Whether the Fee is Fixed or Contingent.*

Plaintiffs' attorneys handled this case on a contingency basis, and thus bore a substantial risk in seeing the case through trial. However, they are well versed in employment and labor disputes and knew the risks of taking the case. Appropriate compensation will adequately account for the risk assumed.

*k. Awards in Similar Cases.*

Defendants discuss other cases in which they claim that smaller fee awards were made than what has been sought here. However, the court's award in this case is in line with the awards made in the cases cited by Defendants.

*l. Summary of Initial Reductions.*

| | |
|---|---|
| Case Development, Background Investigation, and Case Administration | $15,290.00 |
| Discovery | $19,674.00 |
| Motions Practice | $ 4,315.50 |
| Trial Preparation and Attending Trial | $17,692.50 |
| **Total Reductions** | **$56,972.00** |

*m. Amount Involved and Results Obtained.*

The extent of success is a crucial factor to take into consideration when awarding attorney's fees. *Hensley*, 461 U.S. at 438 n.14. The court must determine whether the result achieved makes the hours reasonably expended a "satisfactory basis for a fee award." *Id.* at 434. The court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

> After determining the lodestar figure, 'the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' *Grissom,* 549 F.3d at 321 (quoting *Johnson v. City of Aiken,* 278 F.3d 333, 337 (4th Cir. 2002)). Finally, '[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.' *Id.* (internal quotation marks and citation omitted).

*Robinson,* 560 F.3d at 244.

Defendants argue that Plaintiffs' attorney's fees should be reduced in recognition of their failure to win judgments for five of the eight Plaintiffs and the low dollar amount of damages awarded to the three prevailing Plaintiffs. The lack of success of five Plaintiffs has already been accounted for in the hourly reductions, and Defendants are not entitled to have it counted twice. However, the court must consider the fact that the amount of unpaid overtime awarded to the three prevailing Plaintiffs is only a small fraction of what they sought, and ask "whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 436; *see also*, *Jackson v. Estelle's Place, LLC,* No. 09-1700 2010 WL 3190697 (4th Cir. Aug. 12, 2010), (holding that the trial court properly reduced the "traditional lodestar amount" by 25 percent to account for the "modest value" of the successful claims).

In this case, the amount of time expended was excessive in light of the level of success. Indeed, Plaintiffs' awards were so low in relation to what they sought as to render their victory close to purely technical. Nevertheless, Plaintiffs obtained liquidated damages, and the case served important interests of the FLSA. Moreover, counsel's representation was dedicated, diligent, and highly competent. Thus, a substantial fee is appropriate. The court concludes that a reasonable fee is the "traditional lodestar" amount of $112,077.50 reduced by 25 percent. Accordingly, the attorney's fee award is $84,058.00.

B. Costs of the Action.

District courts have discretion to determine the costs that will be taxed against losing defendants in FLSA cases. *Roy v. County of Lexington, South Carolina*, 141 F.3d 533, 549 (4th Cir. 1998). The costs that may be charged to losing defendants include "those reasonable out-of-

pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (citing *Northcross v. Bd. of Educ. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979)); *Daly*, 790 F.2d at 1084. Examples of types of costs that have been charged to losing defendants include necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying. *Vaughns v. Bd. of Educ. of Prince George's County*, 598 F. Supp. 1262, 1289-90 (D. Md. 1984).

Defendants do not object to Plaintiffs' request for reimbursement of costs, and so the Plaintiffs' requests will merely be evaluated for reasonableness. Plaintiffs have provided P. Zipin's affirmation that the costs for which reimbursement is requested were reasonably incurred in the course of litigation and are customarily charged to the firm's fee-paying clients. Dkt. No. 161, Ex. 1, ¶ 7. The charges listed for filing and service of process fees, transcripts, copies, postage, legal research, travel, and translation services, totaling $12,534.35, appear to be typical and will be taxed against Defendants.

**IV.    Conclusion.**

For the foregoing reasons, Plaintiffs' motion for attorney's fees and costs will be granted in the amount of $84,058.00 in attorney's fees and $12,534.35 in costs.


August 25, 2010                                                    /S/
          Date                                         JILLYN K. SCHULZE
                                                    United States Magistrate Judge